MINNIE LAWRENCE, PLAINTIFF, v. JAMES FALLS, TRADING, ETC., DEFENDANT.

Submitted June 6, 1924—Decided August 2, 1924.

**Negligence—Motor Vehicle Injury to Pedestrian—Only Plaintiff and Defendant as Witnesses—Statement of Plaintiff Probable—Award Not Excessive.**

On defendant's rule to show cause why plaintiff's verdict should not be set aside.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *John L. Griggs* and *Charles C. Stalter.*

Contra, *Mendelsohn & Mendelsohn.*

PER CURIAM.

This is defendant's rule to show cause why a verdict obtained by the plaintiff should not be set aside.

The first point is that the verdict was contrary to the weight of the evidence.

It appears that the plaintiff, a single woman, at seven P. M., January 24th, 1923, a cold, drizzling and freezing night, alighted from a Newark bound jitney bus in Clifton at the southwesterly corner of Valley road and Fenner avenue. Valley road runs north and south and is about forty-three feet wide; Fenner avenue runs east and west. It appeared from plaintiff's testimony that, after having observed that no vehicles or persons' were on the road other than defendant's automobile truck, which appeared to be about a block and a half away, she crossed from the westerly to the easterly side of Valley road on the crosswalk, and had already placed her left foot on the curb when defendant's automobile truck, which was being driven along the Valley road, suddenly, without warning, swerved to the point where plaintiff was stepping on the curb and continued around the corner into Fenner avenue, and in so doing hit and injured the plaintiff. The scene of the accident was lighted by an arc light.

There were no witnesses to the accident except the plaintiff and the defendant's driver.

We think it was open to the jury to find reasonably the foregoing state of facts.

The plaintiff's testimony tends to show that she made observations both before starting across and while midway of the road, and her testimony indicates that she had a right to suppose that, if defendant's car was driven with due care, it would not endanger her at all. Certainly, it cannot be said that plaintiff was guilty of contributory negligence as a matter of law. The testimony tends to show that had defendant's truck continued straight on down Valley road he would not have struck her; had he not pulled close to the curb he would not have struck her; had he not swerved around the

curb into Fenner avenue he would not have struck her. It seems to indicate either that the driver did not look, or, looking, could not see where he was going and what was on the highway. The probabilities are that he tried to look but could not see, because his windshield was covered with sleet. If that is so, it furnishes a ground for liability. It was, at least, open to the jury to find negligence in going on in such a situation of affairs at this crosswalk.

We are asked to disregard plaintiff's testimony and accept that of the driver of the defendant. But that we cannot do. His testimony was very improbable. The jury had a right to disbelieve it entirely. His testimony was to the effect that Miss Lawrence, the plaintiff, ran into the rear of his machine, and, colliding with it, was hurt. Our reading of the testimony inclines us to accept her version of the accident as the correct version. But, in any event, it cannot be said that the verdict was against the weight of the evidence.

The only other point is that the damages were excessive. Plaintiff's verdict was for $3,500. We do not think it was excessive. She was injured in the nose and mouth, four or five teeth were loosened, her right shoulder was out of joint, she had contusions of the neck and head, her eleventh and twelfth ribs were broken, her right kidney injured and she suffered from shock. She was a practical nurse earning $40 weekly. She lost sixty weeks. She paid out $569 for doctors and nurses. It, therefore, seems to us that this verdict is not excessive.

The rule to show cause will be discharged, with costs.